UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MELISSA KOZAK,

      Plaintiff,

vs.

MANGROVE ENTERPRISES, INC. d/b/a
MANGROVE MIKE'S CAFE, a Florida for-profit
corporation,

      Defendant.

_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff MELISSA KOZAK, through undersigned counsel, sues Defendant MANGROVE ENTERPRISES, INC., d/b/a MANGROVE MIKE'S CAFÉ, a Florida for-profit corporation, and alleges as follows:

1.      This is an action for unlawful sexual harassment, sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) ("Title VII") and the Florida Civil Rights Act of 1992, as amended, §760.01, *et seq.*, Fla. Stat. ("FCRA").

2.      This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of Title VII.

3.      Venue is proper in this Court as all actions complained of herein occurred in the Southern District of Florida.

4.      Plaintiff at all relevant times was a resident of Monroe County, Florida, and is *sui juris*.

5.     Defendant is, and at all relevant times was, a Florida for-profit corporation doing business in Monroe County, Florida.  Defendant at all relevant times owned and operated a restaurant and bar under the name "Mangrove Mike's Café" located at 82200 Overseas Highway, Islamorada, Florida.  Defendant at all relevant times was and is an "employer" as that term is defined under Title VII and the FCRA.

6.     Plaintiff was employed by Defendant as a server from in or about early October 2015 until her termination on July 10, 2016.  Plaintiff had previously worked for Defendant in 2009 and into 2010 but had left the area and terminated her employment.  Upon her return to the area, Plaintiff was rehired by Defendant.

7.     During her employment from October 2015 and through July 2016, Plaintiff was subjected to unwelcome harassment, discrimination, and mistreatment based upon her gender, female, and on account of sex, by Defendant's owner, operator and President, Michael Forster ("Forster").  This harassment, discrimination and mistreatment included the following conduct:

a)     During the period of time, Forster would continuously, and over Plaintiff's objections, proposition Plaintiff both verbally while at work and in writing on social media accounts such as Facebook to go out on dates with him, go out on a boat with him, share an out-of-town hotel room with him, and come to his home to drink alcohol, smoke marijuana and engage in sexual relations with him.

b)     During the period of time, Forster would continuously and repeatedly engage in the unwelcome and offensive touching of Plaintiff's body in the workplace and in front of co-workers and patrons, by slapping and touching Plaintiff's buttocks and rubbing up against her breasts while passing her.

c)      During the period of time, Forster continuously and repeatedly made offensive comments and remarks to Plaintiff while in the workplace, including begging Plaintiff to expose her breasts and nipples to him, stating to Plaintiff that he was "looking to go down on" her "pussy all night and take care of" her, stating that he could "eat" Plaintiff "all night", stating that he was "great with his tongue", and suggesting that Plaintiff give him oral sex when she would bend down to pick up something from the floor.

d)      On one particularly shocking occasion during the period, while he was preparing a full pig for open pit roasting by spreading out its limbs, Forster told Plaintiff that he wanted to "spread" her out like the pig, made a V-shape with his fingers and put his tongue between his fingers as if licking a vagina, and stated:  "I could go down on you like this all night, I love to eat, I know you're a freak, and you would like to be tied up like this."

e)      On another occasion during the period, Forster confronted Plaintiff in the restaurant's t-shirt room, shut and blocked the door behind him, and asked Plaintiff to change in front of him into a new skimpy server outfit and to also show him her nipples.  When Plaintiff tried to exit the room by going past Forster, he blocked her way and continued to beg her to comply with his demands until she insisted that she be let out of the room, which he ultimately did.

f)      On numerous occasions during the relevant period, Forster would verbally abuse and ridicule Plaintiff in front of co-workers and patrons, threatened Plaintiff with termination, would remove Plaintiff's work days and work sections, and threatened to permanently remove her from the schedule.

8.      During the same period of time, Forster did not treat male employees of Defendant in the same harassing, condescending, threatening, and discriminatory manner as he did Plaintiff.

9.      Because Defendant had no anti-harassment policy, either in writing or posted at the workplace, Plaintiff had no formal recourse available to her to complain about Forster's conduct other than to directly confront him, which she repeatedly did but without success or change in Forster's harassing and discriminatory behavior.

9.      Because of Plaintiff's objections to Forster and her complaints about his sexual harassment, and her repeated refusal to succumb to his repeated propositioning, Forster retaliated against Plaintiff by removing her from her catering assignments through which she had earned extra income, further verbally abusing and belittling her in front of co-workers and patrons, further threatening Plaintiff with job elimination and schedule reductions, reducing her weekly schedules by giving her less days of work per week and thus less income, failing to give her busy weekend shifts which she had regularly been working and thus less income, and assigning her to the restaurant's worst locations to receive less in tips.

10.     Because of Defendant's continuous, offensive and pervasive harassment and discrimination of Plaintiff and its retaliatory actions against Plaintiff that impacted her financially, all engaged in by Forster acting in the course and scope of his employment as Plaintiff's supervisor and Defendant's owner and President, Plaintiff felt that she had no choice but to resign her employment and thus was constructively discharged on July 10, 2016.

11.     Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the Florida Commission on Human Relations ("FCHR").  Plaintiff received a notice of right to sue form the EEOC on

February 15, 2018, and more than 180 days has passed from the filing of the Charge with the FCHR with the FCHR taking no action thereon. Accordingly, Plaintiff has exhausted her federal and state administrative remedies prior to filing this suit.

12.     All conditions precedent to the filing of this action have been satisfied, waived, or otherwise excused.

13.     Plaintiff has hired the undersigned law firm to represent her in this case and has agreed to pay the firm a reasonable fee for its services.

## COUNT I – SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

14.     Plaintiff re-alleges paragraphs 1 through 13 as if set forth fully herein.

15.     Title VII makes it unlawful to sexually harass an employee in the workplace.

16.     Defendant engaged in severe and pervasive sexual harassment of Plaintiff in the workplace, through the actions of Forster, Defendant's owner and President, as alleged in paragraphs 7(a) through (e), 8 and 9 above.

17.     Defendant's conduct as alleged hereinabove constitutes unlawful sexual harassment, and thus sex discrimination, in violation of Title VII.

18.     As a direct and proximate result of Defendant's sexual harassment committed through its owner and President, Forster, and its failure to take prompt, remedial action to rectify that sexual harassment after Plaintiff complained to Forster and asked him to stop, Plaintiff has suffered, and will continue to suffer into the future, damages in the form of lost back pay and compensatory damages, including damages for emotional distress, humiliation and loss of dignity.

19.     Defendant engaged in its unlawful conduct willfully, maliciously, intentionally, and in reckless disregard of Plaintiff's rights under the law; thus, Plaintiff is entitled to recover punitive damages as provided by Title VII.

20.     Plaintiff is entitled to recover her costs, expenses, and reasonable attorney's fees under Title VII.

WHEREFORE, Plaintiff demands entry of judgment against Defendant for the following relief:

A.     A declaration that Defendant's conduct against Plaintiff constitutes unlawful sexual harassment and discrimination in violation of Title VII;

B.     An award to Plaintiff of any lost back pay, lost benefits, and lost income;

C.     An award to Plaintiff of any front pay if reinstatement is not feasible;

D.     An award to Plaintiff of all her compensatory damages, including damages for emotional distress, humiliation and loss of dignity;

E.     An added equitable award to Plaintiff as compensation for any adverse tax consequences of any damages awarded to Plaintiff;

F.     An award to Plaintiff of punitive damages;

G.     An award to Plaintiff of all interest;

H.     An award to Plaintiff of all her costs, including her reasonable attorney's fees, per Title VII; and

I.     Such other and further relief as the Court deems just and equitable.

## COUNT II – UNLAWFUL SEX DISCRIMINATION IN VIOLATION OF TITLE VII

21.     Plaintiff re-alleges paragraphs 1 through 13 and 19 through 20 as if set forth fully herein.

22.     Title VII makes it unlawful to discriminate against an employee in the workplace based on the employee's gender.

23.     Defendant treated Plaintiff, a female, differently in the terms and conditions of her employment than similarly situated male employees through the actions of Forster, Defendant's owner and President, as alleged in paragraphs 7(a) through (e), 8 and 9 above.

24.     Defendant's conduct as alleged hereinabove constitutes unlawful sex discrimination in violation of Title VII.

25.     As a direct and proximate result of Defendant's sex discrimination committed through its owner and President, Forster, and its failure to take prompt, remedial action to rectify that sexual harassment after Plaintiff complained to Forster and asked him to stop, Plaintiff has suffered, and will continue to suffer into the future, damages in the form of lost back pay and compensatory damages, including damages for emotional distress, humiliation and loss of dignity.

WHEREFORE, Plaintiff demands entry of judgment against Defendant for the following relief:

A.     A declaration that Defendant's conduct against Plaintiff constitutes unlawful sex discrimination in violation of Title VII;

B.     An award to Plaintiff of any lost back pay, lost benefits, and lost income;

C.     An award to Plaintiff of any front pay if reinstatement is not feasible;

D.     An award to Plaintiff of all her compensatory damages, including damages for emotional distress, humiliation and loss of dignity;

E.     An added equitable award to Plaintiff as compensation for any adverse tax consequences of any damages awarded to Plaintiff;

7

F.    An award to Plaintiff of punitive damages;

G.    An award to Plaintiff of all interest;

H.    An award to Plaintiff of all her costs, including her reasonable attorney's fees, per the FCRA; and

I.    Such other and further relief as the Court deems just and equitable.

### COUNT III – UNLAWUL RETALIATION IN VIOLATION OF TITLE VII

26.    Plaintiff re-alleges paragraphs 1 through 13 and 19 through 20 as if set forth fully herein.

27.    Title VII makes it unlawful to retaliate against an employee in the workplace where the employee has complained about and objected to unlawful discrimination and harassment that is made unlawful by Title VII.

28.    Plaintiff engaged in protected activity under Title VII by complaining and objecting to the harassment and discrimination being engaged in by Forster, as alleged in paragraph 9 above.

29.    Defendant unlawfully retaliated against Plaintiff in violation of Title VII as alleged in paragraphs 9 and 10 above.

30.    As a direct and proximate result of Defendant's unlawful retaliation committed through its owner and President, Forster, and its failure to take prompt, remedial action to rectify that sexual harassment after Plaintiff complained to Forster and asked him to stop, Plaintiff has suffered, and will continue to suffer into the future, damages in the form of lost back pay and compensatory damages, including damages for emotional distress, humiliation and loss of dignity.

WHEREFORE, Plaintiff demands entry of judgment against Defendant for the following relief:

A.      A declaration that Defendant's conduct against Plaintiff constitutes unlawful retaliation in violation of Title VII;

B.      An award to Plaintiff of any lost back pay, lost benefits, and lost income;

C.      An award to Plaintiff of any front pay if reinstatement is not feasible;

D.      An award to Plaintiff of all her compensatory damages, including damages for emotional distress, humiliation and loss of dignity;

E.      An added equitable award to Plaintiff as compensation for any adverse tax consequences of any damages awarded to Plaintiff;

F.      An award to Plaintiff of punitive damages;

G.      An award to Plaintiff of all interest;

H.      An award to Plaintiff of all her costs, including her reasonable attorney's fees, per Title VII; and

I.      Such other and further relief as the Court deems just and equitable.

## COUNT IV – UNLAWFUL SEXUAL HARASSMENT IN VIOLATION OF THE FCRA

31.     Plaintiff re-alleges paragraphs 1 through 13 as if set forth fully herein.

32.     The FCRA makes it unlawful to sexually harass an employee in the workplace.

33.     Defendant engaged in severe and pervasive sexual harassment of Plaintiff in the workplace, through the actions of Forster, Defendant's owner and President, as alleged in paragraphs 7(a) through (e), 8 and 9 above.

34.     Defendant's conduct as alleged hereinabove constitutes unlawful sexual harassment, and thus sex discrimination, in violation of the FCRA.

35.     As a direct and proximate result of Defendant's sexual harassment committed through its owner and President, Forster, and its failure to take prompt, remedial action to rectify that sexual harassment after Plaintiff complained to Forster and asked him to stop, Plaintiff has suffered, and will continue to suffer into the future, damages in the form of lost back pay and compensatory damages, including damages for emotional distress, humiliation and loss of dignity.

36.     Defendant engaged in its unlawful conduct willfully, maliciously, intentionally, and in reckless disregard of Plaintiff's rights under the law; thus, Plaintiff is entitled to recover punitive damages as provided by the FCRA.

37.     Plaintiff is entitled to recover her costs, expenses, and reasonable attorney's fees under the FCRA

WHEREFORE, Plaintiff demands entry of judgment against Defendant for the following relief:

A.     A declaration that Defendant's conduct against Plaintiff constitutes unlawful sexual harassment and discrimination in violation of the FCRA;

B.     An award to Plaintiff of any lost back pay, lost benefits, and lost income;

C.     An award to Plaintiff of any front pay if reinstatement is not feasible;

D.     An award to Plaintiff of all her compensatory damages, including damages for emotional distress, humiliation and loss of dignity;

E.     An added equitable award to Plaintiff as compensation for any adverse tax consequences of any damages awarded to Plaintiff;

F.     An award to Plaintiff of punitive damages;

G.     An award to Plaintiff of all interest;

H.     An award to Plaintiff of all her costs, including her reasonable attorney's fees, per the FCRA; and

I.      Such other and further relief as the Court deems just and equitable.

## COUNT V – UNLAWFUL SEX DISCRIMIANTION IN VIOLATION OF THE FCRA

38.     Plaintiff re-alleges paragraphs 1 through 13 and 36 through 37 as if set forth fully herein.

39.     The FCRA makes it unlawful to discriminate against an employee in the workplace based on the employee's gender.

40.     Defendant treated Plaintiff, a female, differently in the terms and conditions of her employment than similarly situated male employees through the actions of Forster, Defendant's owner and President, as alleged in paragraphs 7(a) through (e), 8 and 9 above.

41.     Defendant's conduct as alleged hereinabove constitutes unlawful sex discrimination in violation of the FCRA.

42.     As a direct and proximate result of Defendant's sex discrimination committed through its owner and President, Forster, and its failure to take prompt, remedial action to rectify that sexual harassment after Plaintiff complained to Forster and asked him to stop, Plaintiff has suffered, and will continue to suffer into the future, damages in the form of lost back pay and compensatory damages, including damages for emotional distress, humiliation and loss of dignity.

WHEREFORE, Plaintiff demands entry of judgment against Defendant for the following relief:

A.     A declaration that Defendant's conduct against Plaintiff constitutes unlawful sex discrimination in violation of the FCRA;

B.      An award to Plaintiff of any lost back pay, lost benefits, and lost income;

C.      An award to Plaintiff of any front pay if reinstatement is not feasible;

D.      An award to Plaintiff of all her compensatory damages, including damages for emotional distress, humiliation and loss of dignity;

E.      An added equitable award to Plaintiff as compensation for any adverse tax consequences of any damages awarded to Plaintiff;

F.      An award to Plaintiff of punitive damages;

G.      An award to Plaintiff of all interest;

H.      An award to Plaintiff of all her costs, including her reasonable attorney's fees, per the FCRA; and

I.      Such other and further relief as the Court deems just and equitable.

**COUNT VI – UNLAWFUL RETALIATION IN VIOLATION OF THE FCRA**

43.     Plaintiff re-alleges paragraphs 1 through 13 and 36 through 37 as if set forth fully herein.

44.     The FCRA makes it unlawful to retaliate against an employee in the workplace where the employee has complained about and objected to unlawful discrimination and harassment that is made unlawful by the FCRA.

45.     Plaintiff engaged in protected activity under the FCRA by complaining and objecting to the harassment and discrimination being engaged in by Forster, as alleged in paragraph 9 above.

46.     Defendant unlawfully retaliated against Plaintiff in violation of the FCRA as alleged in paragraphs 9 and 10 above.

47.     As a direct and proximate result of Defendant's unlawful retaliation committed through its owner and President, Forster, and its failure to take prompt, remedial action to rectify that sexual harassment after Plaintiff complained to Forster and asked him to stop, Plaintiff has suffered, and will continue to suffer into the future, damages in the form of lost back pay and compensatory damages, including damages for emotional distress, humiliation and loss of dignity.

WHEREFORE, Plaintiff demands entry of judgment against Defendant for the following relief:

A.     A declaration that Defendant's conduct against Plaintiff constitutes unlawful retaliation in violation of the FCRA;

B.     An award to Plaintiff of any lost back pay, lost benefits, and lost income;

C.     An award to Plaintiff of any front pay if reinstatement is not feasible;

D.     An award to Plaintiff of all her compensatory damages, including damages for emotional distress, humiliation and loss of dignity;

E.     An added equitable award to Plaintiff as compensation for any adverse tax consequences of any damages awarded to Plaintiff;

F.     An award to Plaintiff of punitive damages;

G.     An award to Plaintiff of all interest;

H.     An award to Plaintiff of all her costs, including her reasonable attorney's fees, per the FCRA; and

I.     Such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

13

RODERICK V. HANNAH, ESQ., P.A.
Attorneys for Plaintiff
8751 W. Broward Blvd., Ste. 303
Plantation, Florida 33324
Telephone:  (954) 362-3800
Facsimile:  (954) 362-3779
Email:  rhannah@rhannahlaw.com

By    /s/ *Roderick V. Hannah*
   Roderick V. Hannah
   Fla. Bar No. 435384